UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| DANIEL MARK MORETTO,<br><br>Plaintiff,<br><br>-vs-<br><br>EXPERIAN INFORMATION SOLUTIONS, INC., and ALDOUS & ASSOCIATES PLLC,<br><br>Defendant. | Case No. |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

NOW COMES Plaintiff, DANIEL MARK MORETTO (hereinafter "Plaintiff"), by and through his undersigned counsel, for his cause of action against Defendants, EXPERIAN INFORMATION SOLUTIONS, INC. ("Experian"), and ALDOUS & ASSOCIATES PLLC ("Aldous") (hereinafter collectively "Defendants"), and in support thereof respectfully alleges violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA").

**PRELIMINARY STATEMENT**

1. This is an action for actual damages, statutory damages, punitive damages, costs and attorney's fees brought pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA").

2. Today in America there are three major consumer reporting agencies, Equifax Information Services, LLC ("Equifax"), TransUnion LLC ("TransUnion") and Experian Information Solutions, LLC ("Experian") (hereinafter collectively the "CRAs").

1

3. Consumer reporting agencies that create consumer reports, like Equifax, are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information they report. It is not enough for them to simply parrot information they receive from entities, particularly where a consumer makes a dispute about information reported.

4. When a consumer like Plaintiff disputes information through the agencies, those disputes are transmitted to the party furnishing the information. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

5. The Consumer Financial Protection Bureau has noted, "experience indicates that [CRAs] lack incentives and under-invest in accuracy" Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

**JURISDICTION, VENUE, AND PARTIES**

6. The jurisdiction for this Court is conferred by 15 U.S.C. § 1681 (p) and 28 U.S.C. 1367.

7. Venue is proper for this Court pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

8. Venue is proper in this District as Plaintiff is a natural person and resident of Duval County, Florida; a substantial portion of the violations described in

this Complaint occurred in this District; and Defendants transact business within this District.

9. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c).

10. Experian is a corporation headquartered in the State of California, authorized to conduct business in the State of Florida through its registered agent, C T Corporation System, located at 1200 South Pine Island Road, Plantation, Florida 33324.

11. Experian is a "consumer reporting agency," as defined in 15 USC § 1681a(f). Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d) to third parties.

12. Experian disburses such consumer reports to third parties under contract for monetary compensation.

13. Aldous is a corporation headquartered in the State of Utah, authorized to do business in the State of Florida, through its registered agent, Julie Ragas, located at 2500 South Ferdon Boulevard, Crestview, Florida 32536.

14. Aldous is a "furnisher of information" as that term is used in 15 U.S.C § 1681s-2.

15. Aldous furnished information about Plaintiff to the CRAs that was inaccurate.

## FACTUAL ALLEGATIONS

16. Plaintiff is a natural person who is alleged to owe a debt to Aldous.

17. On or about June of 2022, Plaintiff was attempting to secure housing and was subsequently denied. As a result, Plaintiff obtained copies of his Experian credit report and became aware of an Aldous collection account beginning in D23025XXXX ("Aldous Account") being shown on his credit report. The debt being collected was for the original creditor, Redpoint Gainesville Apartment, with a balance of $6,710.

18. Plaintiff contacted Redpoint Gainesville Apartment in Gainesville, Florida and disputed the account. Plaintiff explained that the account was not his and that he never lived in their apartment building in Gainesville, Florida and was, in fact, at the time living in Knoxville, Tennessee.

19. Additionally, Plaintiff disputed the erroneous Aldous Account with Experian online in July 2022.

20. On or about July 27, 2022, Experian responded to Plaintiff's online dispute by stating the Aldous Account was verified as accurate and would remain on his Experian credit report.

21. Experian failed to conduct any independent investigation, and they did not make any attempt to contact Plaintiff regarding his online dispute.

22. Upon information and belief, Experian notified Aldous of Plaintiff's online dispute. However, Aldous failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Experian in connection with the dispute investigation.

23. On May 23, 2023, Plaintiff obtained a copy of his Experian credit report and became aware that Experian continued to report the Aldous Account. Such

reporting continued to negatively affect Plaintiff's credit and his ability to secure housing.

24. Feeling frustrated and not know what else to do, on or about June 16, 2023, Plaintiff filed an identity theft report with the Federal Trade Commission (report no. 160974606), informing them that he believed he may be a victim of either a mixed file or identity theft due to the Aldous Account being on his credit report.

25. Since the submission of the FTC theft report did not resolve the problem, Plaintiff was forced to send a detailed written dispute to Experian.

26. Due to the continued inaccurate reporting, on July 7, 2023, Plaintiff mailed a detailed dispute letter to Experian. Plaintiff explained that the Aldous Account did not belong to him. Plaintiff provided images of his driver's license to confirm his identity. Plaintiff also provided images of his prior dispute results with Experian, images of his credit report with the erroneous account, a copy of the fraudulent housing agreement, and a copy of his Federal Trade Commission Identity Theft report.

27. Plaintiff mailed his detailed dispute letter to Experian via USPS Certified Mail 7022 3330 0001 4761 3927.

28. On or about July 11, 2023, Experian sent a copy of Plaintiff's credit report which still included the Aldous Account but did not send any dispute results.

29. On or about July 27, 2023, Experian responded to Plaintiff's dispute stating that the Aldous Account was verified as accurate and would remain on his Experian credit report.

30. Experian failed to conduct any independent investigation, and they did not make any attempt to contact Plaintiff regarding his detailed written dispute.

31. Upon information and belief, Experian notified Aldous of Plaintiff's detailed written dispute. However, Aldous failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Experian in connection with the dispute investigation.

32. On or about August 8, 2023, Plaintiff again obtained copies of Experian credit report, and Experian still lists the erroneous Aldous Account that does not belong to Plaintiff. Such reporting negatively impacted Plaintiff's credit scores.

33. Experian failed to properly investigate the facts which Plaintiff explained in his disputes and willfully chose to continue to publish false representations on Plaintiff's credit file.

34. Experian has kept the erroneous account and personal information on Plaintiff's credit report despite being notified by Plaintiff that he was not the debtor and a victim of identity theft. Experian received all the information necessary to clarify an obvious identify theft in Plaintiff's dispute letter.

35. Despite Plaintiff's best efforts to have the fraudulent account removed, Experian continues to report the fraudulent account on Plaintiff's credit report. Experian simply continues to parrot off the back of Aldous and has not conducted an actual investigation despite Plaintiff's pleas.

36. Plaintiff continues to suffer as of the filing of this Complaint with Defendants' reluctance to conduct a thorough investigation into his disputes or

otherwise make his credit file accurate. Accordingly, Plaintiff's damages are ongoing as of the filing of this Complaint.

37. As a result of the inaccurate credit reporting, Plaintiff has suffered damages, including, but not limited to:

    i. Monies lost by attempting to fix his credit;

    ii. Loss of time attempting to cure the errors;

    iii. Mental anguish, added stress, aggravation, embarrassment, sleepless nights, and other related impairments to the enjoyment of life; Plaintiff is being physically affected by Defendant's reluctance to fix the errors;

    iv. Reduction in credit score;

    v. Denials and loss of housing opportunities;

    vi. Delay in applying for personal loans, lines of credit, and housing due to fear of further denials from Plaintiff's lowered credit score; and

    vii. Defamation as Experian published inaccurate information to third party entities.

## COUNT I
### Violations of 15 U.S.C. § 1681e(b) as to Defendant, Experian Information Solutions, Inc. (Negligent)

38. Plaintiff re-alleges and reincorporates paragraphs one (1) through thirty-seven (37) above as if fully stated herein.

39. Experian violated 15 U.S.C. § 1681e(b) by failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy in the

preparation of the credit report and credit files it published and maintains concerning Plaintiff.

40. Upon information and belief, Experian prevents its agents from calling consumers, like Plaintiff, during the dispute process or from calling witnesses with knowledge about the dispute.

41. As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damages, including without limitation, by loss of the ability to benefit from lower interest rates; denials of applications for housing; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit or housing; and the damages otherwise outlined in this Complaint.

42. Experian violated its own policies and procedures by not removing the fraudulent account when Plaintiff provided the Federal Trade Commission Identity Theft Report, which contained sworn testimony of the fraud.

43. Experian's conduct, action and/or inaction was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 USC § 1681o.

44. Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, DANIEL MARK MORETTO, respectfully requests that this Court award actual damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC., jointly and severally; award Plaintiff his attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## COUNT II
## Violations of 15 U.S.C. § 1681e(b) as to
## Defendant, Experian Information Solutions, Inc. (Willful)

45. Plaintiff re-alleges and reincorporates paragraphs one (1) through thirty-seven (37) above as if fully stated herein.

46. Experian violated 15 U.S.C. § 1681e(b) by failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

47. Upon information and belief, Experian prevents its agents from calling consumers, like Plaintiff, during the dispute process or from calling witnesses with knowledge about the dispute.

48. As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damages, including without limitation, by loss of the ability to benefit from lower interest rates; denials of applications for housing; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit or housing; and the damages otherwise outlined in this Complaint.

49. Experian violated its own policies and procedures by not removing the fraudulent account when Plaintiff provided the Federal Trade Commission Identity Theft Report, which contained sworn testimony of the fraud.

50. Experian's conduct, action and/or inaction was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 USC § 1681n.

51. Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, DANIEL MARK MORETTO, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC., jointly and severally; award Plaintiff his attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

**COUNT III**
**Violations of 15 U.S.C. § 1681i as to**
**Defendant, Experian Information Solutions, Inc. (Negligent)**

52. Plaintiff re-alleges and reincorporates paragraphs one (1) through thirty-seven (37) above as if fully stated herein.

53. After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (4) relying upon verification from a source it has to know is unreliable.

54. Despite the large amount of information and documentation produced by Plaintiff demonstrating the fraud, Experian refused to conduct any independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to and parroted the information provided by the furnisher, Aldous.

55. As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damages, including without limitation, by loss of the ability to benefit from lower interest rates; denials of applications for housing; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit or housing; and the damages otherwise outlined in this Complaint.

56. Experian's conduct, action, and/or inaction was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 USC § 1681o.

57. Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE Plaintiff, DANIEL MARK MORETTO, respectfully requests that this Court award actual damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC., jointly and severally; award Plaintiff his attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

### COUNT IV
### Violations of 15 U.S.C. § 1681i as to
### Defendant, Experian Information Solutions, Inc. (Willful)

58. Plaintiff re-alleges and reincorporates paragraphs one (1) through thirty-seven (37) above as if fully stated herein.

59. After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing to maintain reasonable procedures with which to filter and verify disputed

information in Plaintiff's credit file, and (4) relying upon verification from a source it has to know is unreliable.

60. Despite the large amount of information and documentation produced by Plaintiff demonstrating the fraud, Experian refused to conduct any independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to and parroted the information provided by the furnisher, Aldous.

61. As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damages, including without limitation, by loss of the ability to benefit from lower interest rates; denials of applications for housing; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit or housing; and the damages otherwise outlined in this Complaint.

62. Experian's conduct, action, and/or inaction was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n.

63. Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE Plaintiff, DANIEL MARK MORETTO, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC., jointly and severally; award Plaintiff his attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## COUNT V
## Violation of 15 U.S.C § 1681s-2(b) as to
## Defendant, Aldous & Associates PLLC (Negligent)

64. Plaintiff re-alleges and reincorporates paragraphs one (1) through thirty-seven (37) above as if fully stated herein.

65. Aldous furnished inaccurate account information to Experian and through Experian to all of Plaintiff's potential lenders.

66. After receiving Plaintiff's disputes, Aldous violated 15 U.S.C. § 1681s-2(b) by (1) failing to fully and properly investigate the Plaintiff's dispute of the account; (2) failing to review all relevant information regarding same; (3) failing to accurately respond to Experian; and (4) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to Experian and the CRAs.

67. Plaintiff provided all the relevant information and documents necessary for Aldous to have identified that the account did not belong to Plaintiff.

68. Aldous did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to Aldous by Plaintiff in connection with his disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

69. Aldous violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to Experian after it had been notified that the information it was furnishing was inaccurate.

70. As a result of the conduct, action, and/or inaction of Aldous, Plaintiff suffered damages, including without limitation, by loss of the ability to benefit from lower interest rates; denials of applications for housing; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit or housing; and the damages otherwise outlined in this Complaint.

71. The conduct, action, and/or inaction of Aldous was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

72. Plaintiff is entitled to recover reasonable attorney's fees and costs from Aldous in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE Plaintiff, DANIEL MARK MORETTO, respectfully requests that this Court award actual damages against Defendant, ALDOUS & ASSOCIATES PLLC, jointly and severally; award Plaintiff his attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

### COUNT VI
**Violation of 15 U.S.C § 1681s-2(b) as to Defendant, Aldous & Associates PLLC (Willful)**

73. Plaintiff re-alleges and reincorporates paragraphs one (1) through thirty-seven (37) above as if fully stated herein.

74. Aldous furnished inaccurate account information to Experian and through Experian to all of Plaintiff's potential lenders.

75. After receiving Plaintiff's disputes, Aldous violated 15 U.S.C. § 1681s-2(b) by (1) failing to fully and properly investigate the Plaintiff's dispute of the account; (2) failing to review all relevant information regarding same; (3) failing to accurately respond to Experian; and (4) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to Experian and the CRAs.

76. Plaintiff provided all the relevant information and documents necessary for Aldous to have identified that the account did not belong to Plaintiff.

77. Aldous did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to Aldous by Plaintiff in connection with his disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

78. Aldous violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to Experian after it had been notified that the information it was furnishing was inaccurate.

79. As a result of the conduct, action, and/or inaction of Aldous, Plaintiff suffered damages, including without limitation, by loss of the ability to benefit from

15

lower interest rates; denials of applications for housing; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit or housing; and the damages otherwise outlined in this Complaint.

80. The conduct, action, and/or inaction of Aldous was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

81. Plaintiff is entitled to recover reasonable attorney's fees and costs from Aldous in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE Plaintiff, DANIEL MARK MORETTO, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, ALDOUS & ASSOCIATES PLLC, jointly and severally; award Plaintiff his attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, DANIEL MARK MORETTO, demands judgment for actual, statutory, compensatory, and punitive damages against Defendants, EXPERIAN INFORMATION SOLUTIONS, INC. and ALDOUS & ASSOCIATES PLLC, jointly and severally; attorneys' fees and costs; prejudgment and post-judgment interest at the judgment rate; and such other relief the Court deems just and proper.

DATED this 21st day of August, 2023.

Respectfully Submitted,

**/s/ *Christopher Legg***
Christopher W. Legg, Esq.
Florida Bar #: 0044460
The Consumer Lawyers PLLC
412 E. Madison St. Ste 916
Tampa, Florida 33602
Office: 813-299-8537
Facsimile: 844-951-3933
Primary Email:
Chris@theconsumerlawyers.com
Secondary Email:
Lisa@theconsumerlawyers.com

**/s/ *Octavio Gomez***
Octavio "Tav" Gomez, Esq.
Florida Bar #: 0338620
Georgia Bar #: 617963
Pennsylvania Bar #: 325066
The Consumer Lawyers PLLC
412 E. Madison St. Ste 916
Tampa, Florida 33602
Cell: (813) 299-8537
Facsimile: (844) 951-3933
Primary Email:
Tav@theconsumerlawyers.com
Secondary Email:
Lisa@theconsumerlawyers.com
*Attorneys for Plaintiff*